IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION


FILED
NOV 0 8 2013
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| STEPHEN KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY BANK, INC.,<br><br>Defendant. | CV 13–57–H–DWM–RKS<br><br>ORDER |

Plaintiff Stephen Kelly, appearing pro se, is suing Defendant Valley Bank for failing to honor checks written on a business checking account and credit line. Magistrate Judge Keith Strong entered Findings and Recommendations on October 15, 2013, recommending that Kelly's complaint be dismissed without prejudice. (Doc. 5.) Judge Strong found that due to the pending criminal charges against Kelly, the Court must abstain from hearing his claims.

Kelly filed timely objections to Judge Strong's Findings and Recommendations, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite

1

Kelly's objections, the Court agrees with Judge Strong's analysis and conclusion. Because the parties are familiar with the factual and procedural background, it will not be restated here.

In his objection to Judge Strong's Findings and Recommendations, Kelly contends that (1) the existence of a pending criminal matter has no bearing on this civil matter, (2) Judge Strong cannot deny him a certificate of appealability, and (3) Judge Strong should not have heard this matter.

## I.

Kelly first argues that abstention does not apply. As discussed by Judge Strong, the Supreme Court has outlined the requirements for when a federal court must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). The four requirements for abstention include: (1) an ongoing, state initiated proceeding; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceedings, and (4) the federal court action would enjoin the proceedings or have the practical effect of doing so. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). In his objection, Kelly fails to address his civil case as it relates to any of these four requirements. Rather, Kelly contends that abstention

2

should not apply in this context as Defendant Valley Bank is not the complainant or victim in the state proceeding and that he has the right under 12 U.S.C. § 3410 to challenge the actions of his former bank. However, the four abstention requirements do not state that the underlying parties or the causes of action must be the same, only that the federal action would enjoin the state proceedings or have the practical effect of doing so. If this Court were to were to decide whether Valley Bank properly or improperly refused to honor Kelly's checks, it would have the practical effect of enjoining the state criminal proceedings based on the same facts. The applicability of *Maldonado v. Morales*, 556 F.3d 1037 (9th Cir. 2009), cited by Kelly to refute this position, is unclear here. Ultimately, Kelly is correct that the parties and causes of action are different in the state court, however, the rationale of *Younger* and the interest of not effectively enjoining the state proceeding call for abstention in the present case.

## II.

Kelly's second objection regards Judge Strong's recommendation that he be denied a certificate of appealability. Kelly contends Judge Strong has "blocked" his case from being appealed to a higher court and that such an action is simply not allowed. As noted by Judge Strong, Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure provides that a district court may certify that an appeal is not

taken in good faith. 28 U.S.C. § 1915(a)(3) further provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Based on the abstention analysis, Judge Strong found that an appeal in this matter would not be taken in good faith. As clearly stated in both the Federal Rules of Appellate Procedure and the United States Code, such a finding is within Judge Strong's purview. Because the Court must abstain from hearing Kelly's claims, an appeal would lack any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Therefore, any appeal of this matter would not be taken in good faith and a certificate of appealability is denied.

### III.

Finally, Kelly objects to Judge Strong ruling on this matter at all. Kelly contends he has previously filed "an affidavit of prejudice" against Judge Strong in a former case and that due to that, Judge Strong was required to remove himself from the present matter. Upon review of *Kelly v. Herbst*, the former case cited to by Kelly, this Court was unable to find an "affidavit of prejudice" or any filing by Kelly regarding the propriety of Judge Strong sitting on that case or any other case with Kelly as a party. Kelly fails to provide any other grounds as to why Judge Strong should not be allowed to rule on his case, such as any of those listed in the relevant portion of the United States Code. *See* 28 U.S.C. § 455 (listing the

4

circumstances under which a judge must or may disqualify him or herself).

Based on the foregoing, IT IS ORDERED that the Findings and Recommendations (Doc. 5) is ADOPTED IN FULL. Stephen Kelly's complaint (Doc. 2) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 8 day of November, 2013.

Donald W. Molloy, District Judge
United States District Court